**SCHOOL BOARD OF CITY OF CHAR-LOTTESVILLE, Virginia, et al.,**
**Appellants,**

v.

**Doris Marie ALLEN et al., Appellees.**

**Doris Marie ALLEN et al., Cross-Appellants,**

v.

**SCHOOL BOARD OF CITY OF CHAR-LOTTESVILLE, Virginia, et al.,**
**Cross-Appellees.**

**No. 7794.**

Application for Stay Before a Judge of the United States Court of Appeals Fourth Circuit.

Jan. 30, 1959.

Spottswood W. Robinson, III, and Oliver W. Hill, Richmond, Va., and S. W. Tucker, Emporia, Va., for appellees-appellants Allen, et al.

A. S. Harrison, Jr., Atty. Gen., of Virginia, and Henry T. Wickham, Sp. Asst. Atty. Gen., and John S. Battle, Jr., Charlottesville, Va., for School Board et al.

SOBELOFF, Chief Judge.

Last September, when the School Board of Charlottesville, Virginia, applied to me for a stay of the order of the District Court admitting the twelve Negro plaintiffs to two of the formerly white public schools, the Board was unable to give assurances that a stay, if granted, would facilitate compliance with the decree appealed from. The reason asserted, and obvious to all, was that under certain laws then on the Virginia statute books, the School Board was denied autonomy in the management of its school system, and any school faced with any degree of desegregation was required to be closed by order of the Governor. In the circumstances I found no basis for granting a stay.

Since then, as is well known, there has been further litigation in the Supreme Court of the United States, in this and other federal courts and in the Supreme Court of Appeals of Virginia. Whatever doubt there may have existed formerly, it is now frankly and correctly recognized by the Board that such statutes constitute no bar to the operation of racially non-segregated schools; and the Board

is now no longer impeded from taking steps which, but for such statutes, it was willing to take to comply with the District Court's decree.

Mr. John S. Battle, Jr., Counsel for the Board, whose appeal is now pending, and Messrs. Oliver W. Hill and Spottswood W. Robinson, III, Counsel for the twelve Negro children, conferred with me at length today. Mr. Battle brought to my attention a resolution passed unanimously on January 26, 1959, by the School Board; also an extract from the minutes of the meeting on January 27, 1959, of the Council of the City of Charlottesville, in which that body by unanimous vote expresses its purpose to cooperate with and support the School Board in complying expeditiously and completely with the decree of the District Court.

The plan outlined by the School Board will undertake a complete revision of past policies and practices respecting the assignment of children to the public schools and the necessary formulation of new elementary school districts to equalize the pupil population among the various schools. The School Board's present attitude deserves commendation. It is apparent that the Board should be afforded a reasonable time to accomplish the administrative adjustments essential to a positive and effective transition from a racially segregated to a non-segregated public school system in Charlottesville, and that it should be assisted in its determination to move within the frame and spirit of the Court's decree.

More than 1,700 children were displaced when the Governor closed the Venable and Lane schools in September. Since then, many of the affected children have received some measure of academic instruction by private arrangement. As commendable as these community efforts have been, the School Board correctly recognizes that this cannot continue as a permanent program. Moreover, there is a need for remedial instruction of some of the displaced children, widely varying between those white children who attended classes under the auspices of organized local private groups and others, including the twelve Negro appellees, whose opportunities were far more limited. The Board has proposed to provide immediately regular teachers and adequate facilities for the special tutoring of the twelve children with a view to their admission to regular classes at Venable and Lane as soon as practicable, and in no event later than next September.

With full confidence in Mr. Battle, and convinced that the representations made by him have the support of his clients, I think that they should have the opportunity to present their plan to Judge John Paul in the District Court, who passed the original order and who has the primary responsibility in the matter. I think, further, that the plan is entitled to consideration without holding over the heads of the school and local governmental authorities the coercive threat of continued school closure. The schools were not closed by any federal court action, and where complete confidence exists that the brief time necessary will be employed to further, not impede or evade, the Court's decrees, there is no need to continue the unhappy conditions which have prevailed in Charlottesville since the normal school opening date last fall.

The plan may be presented to Judge Paul within twenty days, and considered by him as early as he finds his schedule permits. The twelve plaintiffs are assured full admission not later than next fall, and are to be offered such assistance by way of adequate tutoring and use of school laboratories and other facilities as may be necessary or desirable to effect their early and orderly transition under the new plan.

It remains to say that while Messrs. Hill and Robinson properly have stressed their clients' present rights, won after struggle in proceedings begun before the Board as early as the spring of 1956, I am satisfied from the attitude of reason and fairness these lawyers have displayed in the conferences before me that they can and will aid in effecting orderly procedures beneficial to their clients and oth-

ers of their race, and contributing also to the good order and harmony of the entire population of Charlottesville.

### Order

The appellants have indicated their purpose to effect expeditious and complete compliance with the decree of the District Court, and their desire to propose a plan to this end. Being satisfied of the defendants' good faith, the said decree is hereby stayed; provided the defendants submit their plan to the District Court within 20 days.

The appeal is hereby dismissed with the consent of the appellants.

As to the cross-appeal, the same is hereby dismissed without prejudice, Counsel for cross-appellants and cross-appellees consenting to this action.

The case is remanded to the District Court for further consideration and the passage of such orders as may be deemed appropriate.